IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL H. GRADO,

    Plaintiff,

v.

                                            No. 22-cv-713-JCH-DLM

TIMOTHY MAAG, THE GEO GROUP,
INC, J. FLORES, J. PENTE, GEORGE
STEPHENSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

THIS MATTER is before the Court on Plaintiff Gabriel H. Grado's Motion to Remand to State Court, filed April 7, 2023, (Doc. 17). Having reviewed the docket and the relevant law, the Court finds that the Motion is well taken and shall be granted.

Background.

Plaintiff, an inmate of the Southern New Mexico Correctional Facility in the custody of the New Mexico Corrections Department, commenced this case by filing a Tort Complaint in the Fifth Judicial District Court, State of New Mexico, County of Lea in July 2022. (Doc. 1-1 at 1) (the "Complaint"). The Complaint included claims arising under New Mexico State law and 42 U.S.C. § 1983. Based on the presence of federal claims, Defendants the Geo Group, Inc., Flores, Puente, and Stephenson (the "Removal Defendants") removed the case to this Court pursuant to 28 U.S.C. Section 1441. (Doc. 1 at 1). On March 6, 2023, while this matter was pending screening pursuant to 28 U.S.C. § 1915A, Plaintiff filed an Amended Complaint, adding Defendant Maag and eliminating all federal claims. (Doc. 14). Plaintiff then filed the present Motion, seeking to remand this matter to the state court. (Doc. 17). The Removal Defendants filed a reply opposing

the Motion (Doc. 18), and Plaintiff filed a response. (Doc. 19).

Discussion.

It is well-established that the district court retains discretion to remand a removed case to state court when all the federal-law claims have dropped out of the action and only the pendent state-law claims remain. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 348, 357 (1988) (affirming the district court's decision to remand supplemental state law claims after the plaintiff dropped the federal claims on which removal was originally based). The determination is guided by considerations of "economy, convenience, fairness, and comity." *Id.* at 350. But, in general, "[w]hen all federal claims have been dismissed the court. . . usually should, decline to exercise jurisdiction over any remaining state claims." *Tong v. New Mexico*, 651 F. App'x 798, 800 (10th Cir. 2016), quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998). Here, the relevant considerations weigh in favor of remand.

Because this case is in its very early stages, remand is economical and convenient. *See Carnegie-Mellon University* 484 U.S. at 351. ("When the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Remand is consistent with judicial economy because the Amended Complaint has yet to be screened, Defendant Maag has not entered an appearance, and the Court has not set any deadlines or a trial. Further, as the Court has not invested significant resources in moving this case toward a final disposition, remand will not cause a duplication of efforts, and therefore serves the interest of judicial economy. The interest of comity weighs in favor of remand because issues of state law are

best suited for determination by a state court. Finally, the Court does not discern any manipulative tactics here and the interest of fairness warrants remand as it is Plaintiff's prerogative to pursue the claims that he wishes to prosecute and to avoid federal jurisdiction by exclusively pursuing claims arising under state law.  *See Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (recognizing that a plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (same).

Removing Defendants' argument that the Amended Complaint should not be remanded because it invokes federal law by a reference to 42 U.S.C.A. Section 1988 is unavailing. Section 1988 governs proceedings in vindication of civil rights, including attorney's and expert's fees.  As there are no federal claims, Section 1988 has no bearing on the disposition of the case.

For the foregoing reasons, the Motion shall be granted.

**IT IS THEREFORE ORDERED** that the Motion to Remand to State Court **(Doc. 17)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Fifth Judicial District Court, State of New Mexico, County of Lea.

_____
SENIOR UNITED STATES DISTRICT JUDGE